UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PEOPLECHART CORPORATION,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>WINTRUST BANK, N.A.<br>　　　　　　　Defendant. | Civil Action No.<br><br>COMPLAINT FOR PATENT INFRINGEMENT<br><br><br>JURY DEMAND |

Plaintiff Peoplechart Corporation ("Peoplechart"), for its Complaint against Wintrust Bank, N.A. ("Defendant" or "Wintrust"), alleges as follows:

**PARTIES**

1.　Peoplechart is a company organized under the laws of the State of California with its principal place of business in 1350 Old Bayshore Hwy, Suite 520, Burlingame, CA 94010.

2.　On information and belief, Wintrust Bank, N.A. runs a number of banks in Illinois.

**JURISDICTION AND VENUE**

3.　This is an action for patent infringement in violation of the Patent Act of the United States, 35 U.S.C. §§ 1 *et seq*.

4.　This Court has original and exclusive subject matter jurisdiction over the patent infringement claims for relief under 28 U.S.C. §§ 1331 and 1338(a).

5.　This Court has personal jurisdiction over Defendant because Defendant has transacted and is transacting business in the Northern District of Illinois that includes, but is not limited to, the use of products and systems that practice the subject matter claimed in the patents involved in this action.

6.  Venue is proper in this district under 28 U.S.C. 1400(b) because Defendant has committed acts of infringement and has a regular and established place of business within this District.

## FACTS

7.  On October 21, 2014, U.S. Patent No. 8,869,249, entitled "Protecting Information on a Computer System Using Multiple Authentication methods" was duly and legally issued. A true and correct copy of the '249 Patent is attached hereto as Exhibit A.

8.  Claim 1 of the '249 Patent states:

A method comprising:

(a) receiving, for a user, first user authentication information for a first authentication method;

(b) receiving, for the user, second user authentication information for a second authentication method, the second authentication method being different from the first authentication method;

(c) upon authenticating the first user authentication information and the second user authentication information, moving, by a computing device, a subset of data stored on a back-end storage device to a front-end storage device, the front-end storage device being directly connected to a user device for the user via a network and the back-end storage device not being directly connected to the network; and

(d) allowing the user device access to the subset of data on the front-end storage device for a period of time specified to the front-end storage device by the computing device, wherein after the period of time expires, the subset of data is removed from the front-end storage device.

9.  Wintrust infringes each element of Claim 1 as follows:

a. "A method comprising: (a) receiving, for a user, first user authentication for a first authentication method" -- Wintrust Cardless Cash was rolled out in 2015. See https://paymentweek.com/2015-1-19-wintrust-rolls-out-cardless-cash-atms-powered-by-fis-6400/. These machines allow customers to withdraw cash using only their smartphones, thus improving customers' experience when it comes to simplicity, speed, and security. *Id* Customers just access money through their Wintrust mobile banking app. A QR code is then scanned at the ATM to get the money. *Id.* A four-digit code is required however, to access the banking app, and it further protects consumers in case their device is stolen or lost. *Id.* Further, after downloading the Wintrust Mobile App. and selecting "Cardless Cash," the first authentication method for a user is through the user's account (login credentials) requesting "Cardless Cash". *See also* https://www.youtube.com/watch?v=UtmW1l4QVhs.



https://www.wintrustbank.com/personal/resources/online-mobile-banking/cardless-cash.html

Once the user selects "Cardless Cash", the user then selects which of their accounts available to draw cash from. *See also* https://www.youtube.com/watch?v=UtmW1l4QVhs.



**STEP 2**
Select the account you would like to withdraw from by tapping on "Withdraw From" and the dollar amount you would like to withdraw.



**STEP 3**
Then select "Save for Later."

b. "receiving, for the user, second user authentication information for a second authentication method, the second authentication method being different from the first authentication method" – A second user authentication information and second authentication method is used for Cardless Cash. The first authentication method is the user's credentials via the mobile application that is installed on the user's mobile phone. The second authentication information and method is the generation of the QR code that is displayed on the ATM machine, and scanned by the user with the user's mobile phone. *See also* https://www.youtube.com/watch?v=UtmW1l4QVhs.

The benefit of the first and second authentication system is added security for Wintrust such that there is "no chance of card skimming". *See* https://www.wintrustbank.com/personal/resources/online-mobile-banking/cardless-cash.html.



    c. "upon authenticating the first user authentication information and the second user authentication information, moving, by a computing device, a subset of data stored on a back-end storage device to a front-end storage device, the front-end storage device being directly connected to a user device for the user via a network and the back-end storage device not being directly connected to the network; and" -- Upon authentication of both first and second user authentication information, information is moved from back-end storage device to a front-end storage device in order for the ATM to dispense cash. *See* https://www.wintrustbank.com/personal/resources/online-mobile-banking/cardless-cash.html; https://www.youtube.com/watch?v=UtmW1l4QVhs.

    d. "allowing the user device access to the subset of data on the front-end storage device for a period of time specified to the front-end storage device by the computing device, wherein after the period of time expires, the subset of data is removed from the front-end storage device." -- After completing the authentication step using the QR code

scanning process with the user's mobile device, the Wintrust Cardless Cash system allows the user access at the user's selected ATM device to enable cash to be dispensed. *See* https://www.wintrustbank.com/personal/resources/online-mobile-banking/cardless-cash.html; https://www.youtube.com/watch?v=UtmW1l4QVhs.

10. On or about October 2, 2020, Peoplechart sent Wintrust a letter informing Wintrust of the '249 Patent, and that its actions constituted infringement of the '249 Patent.

**FIRST CLAIM FOR RELIEF**

**Patent Infringement of the '249 Patent (35 U.S.C. §§ 101, et seq.)**

10. Peoplechart refers to and incorporates herein by reference paragraphs 1-9.

11. Defendant infringed, either directly or indirectly, at least Claim 1 of the '249 Patent in this judicial district and the United States, through the services they provided through Cardless Cash.

12. Defendant, therefore, by the acts complained of herein, made, used, sold, or offered for sale in the United States, including in the Northern District of Illinois, products and/or services embodying the patented method, and have in the past infringed the '249 Patent, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. §271(a).

13. To the extent that some elements of claim 1 were performed by a different party than Wintrust, Wintrust participated in the infringement (as described above) and received a benefit upon performance of the steps of the patented method. For example, Wintrust provided the software and technology that established the authentication information, and how that information was transmitted, received, stored and acted upon in accordance with the patented method. Wintrust received a benefit from such actions by the customer.

14. Upon information and belief, the acts described above concerning the use, offer for sale, sale, operation, distribution, and/or installation of Wintrust's products and/or software and those described below also constitute acts of induced and contributory infringement.

Customers and users used the infringing products and software to provide security to withdraw cash.

15. To the extent that some elements of a claim were performed by a different party than Wintrust, Wintrust, through its software and infringing products, participated in the infringement (as described herein) and receives a benefit upon performance of steps of a patented method.

16. Upon information and belief, Wintrust's method has no substantial non-infringing uses and is especially made and/or adapted so as to infringe the '249 Patent. Wintrust has acted with specific intent to induce or cause infringement and to conduct acts of infringement as described herein within this District and elsewhere.

17. Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contentions or claim construction purposes by the infringement allegations that it provides with this Complaint. The element-by-element analysis herein is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure and does not represent Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

18. By reason of the acts of Wintrust alleged herein, Peoplechart has suffered damage in an amount to be proved at trial.

## JURY DEMAND

Peoplechart demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Peoplechart prays for relief as follows:

A. Judgment that Defendant has directly infringed, and induced others to infringe, the '249 Patent either literally and/or under the doctrine of equivalents;

B. Judgment that Defendant's infringement of the '249 Patent has been willful;

C. Judgment permanently enjoining Wintrust, its officers, directors, agents, servants, affiliates, employees, subsidiaries, divisions, branches, parents, attorneys, representatives, and all

others acting in concert or privity with any of them, from infringing the '249 Patent, and from inducing others to infringe the '249 Patent;

   D.  Judgment awarding Peoplechart general and/or specific damages, including a reasonable royalty and/or lost profits, in amounts to be fixed by the Court in accordance with proof, including enhanced and/or exemplary damages, as appropriate, as well as all of Defendant's profits or gains of any kind from its acts of patent infringement;

   E.  Judgment awarding Peoplechart enhanced damages pursuant to 35 U.S.C. § 284 due to the willful and wanton nature of Peoplechart's infringement;

   F.  Judgment awarding Peoplechart all of its costs, including its attorneys' fees, incurred in prosecuting this action, including, without limitation, pursuant to 35 U.S.C. § 285 and other applicable law;

   G.  Judgment awarding Peoplechart pre-judgment and post-judgment interest; and

   H.  Judgment awarding Peoplechart such other and further relief as the Court may deem just and proper.

Dated: Jan. 4, 2021

Respectfully submitted,

By: /s/ David A. Welling

John A. Lee (admitted in N.D. Ill.) (lead counsel)
jlee@banishlaw.com
Banie & Ishimoto LLP
2100 Geng Rd., Ste. 210
Palo Alta, CA 94303
T: 650.241.2774
F: 650.241.2770

David A. Welling (admitted in N.D. Ill.)
CHOKEN WELLING LLP
3020 W. Market St.
Akron, OH 44333
Phone: 330-865-4949
Fax: 330-865-3777
E-mail: davidw@choken-welling.com

Attorneys for Plaintiff
Peoplechart Corporation